IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No.   14-cr-00093-REB

UNITED STATES OF AMERICA,

 Plaintiff,

v.

ROSE M. HORNE,

 Defendant.

### INDICTMENT
18 U.S.C. § 1341
26 U.S.C. § 7206(1)
18 U.S.C. § 981(a)(1)(C)
28 U.S.C. § 2461(c)

The Grand Jury charges that:

### COUNTS 1-12
### 18 U.S.C. § 1341

**The Scheme**

 1. Beginning in at least October 2005, and continuing to in or about June, 2011, in the State and District of Colorado and elsewhere, defendant ROSE M. HORNE ("HORNE") knowingly devised and intended to devise a scheme to defraud and to obtain money and property from Craig Brothers Plumbing & Heating Inc., dba C & B Plumbing Inc. (hereinafter "C & B") by means of materially false and fraudulent pretenses, representations, and promises (hereinafter referred to as "the Scheme").  It was part of the Scheme that:

1

a. Defendant HORNE took advantage of the trust given to her while she was employed as the bookkeeper for C & B for over 27 years. As a result of her duties, defendant HORNE had access to C & B's blank checks.

b. From at least January 2006 until in or about June 2011, defendant HORNE wrote approximately 170 unauthorized checks to herself from C & B's payroll account, totaling approximately $122,439.15.

c. From at least October 2005 until in or about June 2011, defendant HORNE intentionally used personal credit card accounts with Chase because C & B had a business credit card account with Chase.

d. From at least October 2005 until in or about June 2011, defendant HORNE intentionally had the monthly statements for her personal credit card accounts with Chase mailed to C & B's business address in Fort Collins, Colorado.

e. From at least October 2005 until in or about June 2011, defendant HORNE wrote unauthorized checks on C & B's general business accounts, totaling more than $700,000, to pay toward her Chase personal credit card account balances. Defendant HORNE also wrote other unauthorized checks on C & B's general business accounts to pay her other personal bills. Sometimes, defendant HORNE forged the signature of S.M.[1] on these checks. Other times, defendant HORNE presented the checks to D.C. and S.M. for a signature while leading D.C. and S.M. to believe the checks were for the purpose of paying C & B's bills.

f. From at least October 2005 until in or about June 2011, defendant HORNE often used these C & B checks to pay more than the account balance on her Chase

---

[1] For privacy reasons, all persons other than the defendant are referred to by their initials.

      personal credit cards so that defendant HORNE would have a credit available on the cards.

   g. From at least 2006 until in or about June 2011, defendant HORNE tried to conceal her fraudulent use of C & B's checks by writing "void" on the corresponding check stubs, tearing the corresponding check stubs, and writing on the corresponding check stubs the name of one of C & B's vendors.

   h. From at least 2006 until in or about June 2011, defendant HORNE also tried to conceal her fraudulent use of C & B's checks by cutting and blacking out from C & B's bank statements the copies of the checks in question.

**EXECUTION OF THE SCHEME**

   2. For the purpose of executing the Scheme described above, on or about the dates listed below, defendant HORNE placed, and caused another to place, in a post office and an authorized depository for mail matter the mail matter described below to be sent and delivered by the U.S. Postal Service, and caused such matter to be deposited in order to be sent and delivered by private and commercial interstate carrier:

| COUNT | DATE | Mail Matter |
|---|---|---|
| 1 | 6/24/09 | C & B Check No 33456 for $5,000 mailed from Colorado to Cardmember Services at Chase. |
| 2 | 6/30/09 | Great Western account statement for C & B's general business account #xxxx758 sent to C & B in Colorado. |
| 3 | 7/20/09 | C & B Check No 33630 for $7,000 mailed from Colorado to Cardmember Services at Chase. |
| 4 | 10/30/09 | C & B Check No 10063 for $10,000 mailed from Colorado to Cardmember Services at Chase. |
| 5 | 12/16/09 | C & B Check No 10120 for $5,000 mailed from Colorado to Cardmember Services at Chase. |
| 6 | 1/19/10 | C & B Check No 34218 for $5,000 mailed from Colorado to Cardmember Services at Chase. |
| 7 | 8/17/10 | C & B Check No 34462 for $4,000 mailed from Colorado to Cardmember Services at Chase. |

| 8  | 10/20/10 | C & B Check No 10667 for $1,500 mailed from Colorado to Cardmember Services at Chase. |
|----|----------|----------------------------------------------------------------------------------------|
| 9  | 1/31/11  | C & B Check No 34593 for $5,714.97 mailed from Colorado to Cardmember Services at Chase. |
| 10 | 2/25/11  | C & B Check No 34685 for $1,000 mailed from Colorado to Cardmember Services at Chase. |
| 11 | 2/28/11  | Great Western account statement for C & B's general business account #xxxx758 sent to C & B in Colorado. |
| 12 | 5/26/11  | Replacement credit card for defendant HORNE's personal Chase credit card account sent to defendant HORNE in Colorado. |

In violation of Title 18, United States Code, Section 1341.

## COUNTS 13-17
## 26 U.S.C. § 7206(1)

On or about the dates listed below, in the State and District of Colorado, defendant ROSE M. HORNE, then a resident of Fort Collins, Colorado, did willfully make and subscribe to a United States Individual Income Tax Return, Form 1040, for the tax years listed below, which was verified by a written declaration that it was made under the penalties of perjury and which she did not believe to be true and correct as to every material matter. Those United States Individual Income Tax Returns, Form 1040, which were prepared and signed in the State and District of Colorado and were filed with the Internal Revenue Service, falsely stated on line 22 that defendant HORNE, and her spouse for tax years 2007-2010, had total income in the amounts listed below, whereas, as she then and there knew, defendant HORNE, and her spouse for tax years 2007-2010, actually had total income in the approximate amounts set forth below:

| Count | Date | Tax Year | Total Income Falsely Stated on Line 22 | Approximate Amount of Actual Total Income |
|---|---|---|---|---|
| 13 | 2/28/08 | 2007 | $94,815.15 | $323,470.82 |
| 14 | 3/9/09 | 2008 | $83,652.48 | $359,574.82 |
| 15 | 4/8/10 | 2009 | $78,918.58 | $288,274.96 |
| 16 | 3/1/11 | 2010 | $70,860.00 | $148,760.66 |
| 17 | 2/21/12 | 2011 | $53,790.00 | $71,535.93 |

In violation of Title 26, United States Code, Section 7206(1).

### Forfeiture Allegation

3. The allegations contained in Counts One through Twelve of this Indictment are hereby re-alleged and incorporated by reference for the purpose of alleging forfeiture pursuant to the provisions of 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

4. Upon conviction of the violations alleged in Counts One through Twelve of this Indictment involving the commission of violations of 18 U.S.C. § 1341, defendant ROSE M. HORNE shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c) any and all of the her right, title and interest in all property constituting and derived from any proceeds the defendant obtained directly and indirectly as a result of such offense.

5. The property to be forfeited includes, but is not limited to:

   A money judgment in the amount of proceeds obtained by the scheme and by the defendant.

6. If any of the property described above, as a result of any act or omission of the defendant:

    a) cannot be located upon the exercise of due diligence;
    b) has been transferred or sold to, or deposited with, a third party;
    c) has been placed beyond the jurisdiction of the Court;
    d) has been substantially diminished in value; or
    e) has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), incorporated by Title 18, United States Code, Section 982(b) and Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of said defendant up to the value of the forfeitable property.

                     A TRUE BILL:

                     <u>Ink signature on file in Clerk's Office</u>
                     FOREPERSON

JOHN WALSH
UNITED STATES ATTORNEY
<u>s/Pegeen D. Rhyne</u>
By: Pegeen D. Rhyne
Assistant United States Attorney
PEGEEN D. RHYNE
Assistant United States Attorney
1225 17th Street, Suite 700
Denver, CO 80202
Phone: (303) 454-0100
Fax: (303) 454-0402
pegeen.rhyne@usdoj.gov