IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No.    14-cr-000093-REB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1.    ROSE M. HORNE,

    Defendant.

### GOVERNMENT'S EMERGENCY MOTION FOR STAY OF MAGISTRATE JUDGE'S ORDER RELEASING DEFENDANT

    The United States moves for a stay of the order by a Magistrate Judge in the Northern District of Californian releasing the defendant, ROSE M. HORNE, on a $75,000 surety bond with conditions including electronic monitoring. The Magistrate Judge's order releasing the defendant should be stayed pending a decision by this Court on the government's motion to revoke that same order, which will be filed by tomorrow.  *See United States v. Petersen*, 557 F. Supp. 2d 1124, 1126 (E.D. Cal. 2008).

    Defendant Horne was indicted in the District of Colorado in 2014.   After she learned on January 17, 2012, that her fraud against her former employer had been discovered, she begged her employer not to press charges and then fled soon after.   More details regarding defendant Horne's evasion of arrest will be provided in the government's motion to revoke bond, but defendant Horne successfully evaded arrest on the indictment in this case until last week.

On June 30, 2020, defendant Horne was arrested in the Northern District of California. Her initial appearance was held on July 1, 2020, and her detention hearing was held today. It is the government's understanding that the magistrate judge ordered the defendant's release on bond largely due concern regarding COVID-19. However, given the defendant's fugitive status for the past six years, the government will move this Court to revoke this release order.

This Court has the authority to authorize the stay pursuant to 18 U.S.C. § 3142(f), which provides that a defendant may be detained "pending completion of the [detention] hearing." As § 3145 expresses the clear public interest that Congress identified in permitting review of a magistrate judge's release order, the detention hearing should not be considered complete until the limited period contemplated for the prompt review of the magistrate's release order under § 3145(a) has passed. *United States v. Huckabay*, 707 F. Supp. 35, 37 (D. Me. 1989); *see also United States v. Geerts*, 629 F. Supp. 830, 831 (E.D. Pa. 1985) (district court found authority for its stay order within provisions of 18 U.S.C. § 3142(d), which provides for temporary detention pending the revocation of an order for conditional release).

Requiring release pending review by the district court would frustrate the very purpose of such review and "could render the district court's review power illusory." *United States v. Brigham*, 569 F.3d 220, 230 (5th Cir. 2009). For that reason, numerous district courts have stayed release orders "in the context of pre-trial detention" pursuant to § 3142(f) and § 3145. *Id.* (collecting cases). As § 3145(a) mandates a prompt review of the motion to revoke, it provides a reasonable safeguard against unduly extended detention during review. *Id.*

As the *Huckabay* court explained, there is nothing in the statute or in its legislative history to suggest that Congress intended to deny the district court a reasonable opportunity to inform and

exercise its discretion, which necessarily contemplates a hearing and/or *de novo* consideration of the record presented before the magistrate. *Id*. at 37; *see also Petersen*, 557 F. Supp. 2d at 1127.

The government respectfully requests that this Court now stay the Magistrate Judge's order of release to allow the government to meaningfully exercise its right to a *de novo* review of the release order.

        Respectfully submitted,

        JASON R. DUNN
        United States Attorney

By:   s/ *Pegeen D. Rhyne*
        PEGEEN D. RHYNE
        Assistant U.S. Attorney
        United States Attorney's Office
        1801 California St., Suite 1600
        Denver, CO 80202
        (303) 454-0100
        Fax: (303) 454-0409
        Pegeen.Rhyne@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on this 6th day of July, 2020, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which provides copies to opposing counsel of record.

        s/   Kayla Keiter
        Legal Assistant for AUSA Pegeen D. Rhyne
        United States Attorney's Office