**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Robert E. Blackburn**

Criminal Case No.  14-cr-00093-REB

UNITED STATES OF AMERICA,

      Plaintiff,

v.

1.  ROSE M. HORNE,

      Defendant.

---

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**
**ON THE ENTRY OF A PLEA OF GUILTY**

---

**Blackburn, J.**

On May 5, 2021, I conducted a change of plea hearing at which the defendant
and counsel appeared and participated via VTC and during which (1) the defendant, her
counsel, counsel for the government, and I formally reviewed and considered the plea
agreement of the parties as stated in Court's Exhibits 1 and 2 ("plea agreement"); (2) I
arraigned the defendant under Fed. R. Crim. P. 10 and 7; and (3) I formally advised the
defendant and conducted providency proceedings under Fed. R. Crim. P. 11.

Based upon my exchange and colloquy with the defendant under oath in open
court on the record; based upon the representations, remarks, and statements of
counsel for the government and counsel for the defendant; based upon my review of the
file and my review of the written plea agreement as stated in Court's Exhibits 1 and 2, I
enter the following findings of fact and conclusions of law:

That the defendant appeared to be alert and not under the influence of or

impaired by drugs, narcotics, marihuana, alcohol, medication, or intoxicants;

That the pleas in this case cannot be delayed further without serious harm to the interests of justice, *see* CORONAVIRUS AID, RELIEF, AND ECONOMIC SECURITY ACT, PL 116-136, March 27, 2020, 134 Stat 28, Section 15002(b)(2);

That after advisement by the court, the defendant voluntarily, knowingly, intelligently, and intentionally waived her right to have this change of plea hearing held in a traditional courtroom where the defendant, defense counsel, and the court are all physically present together in the same place and, instead, consented to appear and participate in this change of plea hearing remotely via VTC where the defendant, defense counsel, and the court are each in a different location;

That conducting the change of plea hearing remotely via VTC is reasonably necessary to protect and preserve the health, safety, and welfare of the defendant, counsel, court personnel, security personnel, and the court; and that it is in the best interest of all parties in interest and in the interest of justice to conduct the hearing by VTC;

That the defendant was competent and fully understood the nature, circumstances, and essential elements of the offenses to which her pleas of guilty were entered;

That the defendant understands clearly that the government has the right in a prosecution for perjury or false statement to use against the defendant any statement that the defendant gives under oath;

That the defendant understands the direct and collateral consequences that she may suffer or experience as a result of her participation in the plea agreement, her

2

pleas of guilty, and the resultant felony conviction and sentence;

That the defendant's pleas of guilty and admission of the forfeiture allegation were entered voluntarily, knowingly, intelligently and intentionally, and were not the result of mistake, misunderstanding, fear, force, threats, coercion, or undue influence by anyone;

That the defendant's pleas of guilty and admission of the forfeiture allegation were not the result of any promise or inducement made by anyone, including legal counsel;

That the defendant understood each of her legal rights, including the rights enumerated at Fed. R. Crim. P. 11(b)(1)(B) and (E), and her right to a trial by jury and her right to be represented throughout this criminal case by an attorney even if indigent; and that the defendant freely, voluntarily, knowingly, intelligently, and intentionally waived her rights and privileges, including the right to trial by jury, and, except as limited expressly by the plea agreement, her right to appeal or to collaterally attack the prosecution, conviction, and/or sentence; however, the defendant did not waive her right to be represented throughout this criminal case by an attorney even if indigent;

That the defendant understood the maximum possible penalties, including imprisonment, fine, and term of supervised release;

That the defendant understood that in imposing sentence, I must consult and consider the purposes and goals of sentencing as prescribed by Congress, the relevant provisions of the advisory United States Sentencing Guidelines, any motion for a sentence departure or variance, and the provisions of 18 U.S.C. § 3553 (a)(1)-(7); and the defendant clearly understood that regardless of the sentence I impose, she may not

3

withdraw her pleas of guilty on that basis;

That the defendant understood that the court will not be bound by any promises or representations by anyone concerning the penalty to be imposed;

That having compared the conduct admitted or conceded by the defendant with the elements of the charged offenses, a factual basis exists to support and sustain the plea agreement and the defendant's pleas of guilty;

That the defendant has been represented at the change of plea hearing and throughout this case by effective and competent counsel with whom the defendant has no objection, criticism, or complaint whatsoever;

That the defendant had sufficient time to read, review, discuss, and consider her plea agreement and to discuss it carefully and thoroughly with her attorney;

That the defendant read, understood, and accepted each and every term and provision within her plea agreement, which she reviewed carefully and thoroughly with her attorney;

That the plea agreement conformed in form and substance to the requirements of law, including The Local Rules of Practice of the United States District Court for the District of Colorado - Criminal;

That concerning the offense charged under 18 U.S.C. § 1957, the defendant, after being advised of the charge and her legal rights, voluntarily, knowingly, intelligently, and intentionally waived her right to be charged by indictment returned by the grand jury and consented to being charged by information filed by the United States Attorney; and

That on the record considered as a whole, I conclude that I may properly accept

4

the defendant's pleas of guilty and admission of the forfeiture allegation, which were entered in the context of her plea agreement, and defer formal approval of the plea agreement as stated in Court's Exhibits 1 and 2 pending opportunity to consider the presentence report.

Dated May 5, 2021, at Denver, Colorado.

BY THE COURT:

Robert E. Blackburn
United States District Judge

5